FILED BY_____MQ_____D.C.

JUN - 5 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## UNITED STATES COURT DISTRICT FOR
## THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| OMAR FLEMMINGS | ) | |
| *Plaintiff,* | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | **Case No.:** |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES LLC | ) | |
| *Defendant,* | ) | |
| | ) | |

## COMPLAINT

Plaintiff Omar Flemmings ("Plaintiff") brings this action against Defendant Equifax Information Services, LLC ("Equifax") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, as well as costs, brought by Plaintiff against Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p.

3. Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of the Court.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Palm Beach County, Florida, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

13.     As a result, Equifax failed to clearly and accurately disclose all information in Plaintiff's file, in violation of 15 U.S.C. § 1681g(a)(1).

## ACCOUNTS AT ISSUE

14.     Any reference to accounts or account items at issue refer to the following accounts which were included in the disclosure dated May 03, 2026, see Exhibit A.

- JPMCB Card Services partial account number 6523.

- Servicemac, LLC partial account number 2253.

- Opensky Capital Bank NA partial account number 0355.

- Truist Bank partial account number 6603.

15.     Specifically, with respect to the following accounts: JPMCB Card Services, Servicemac, LLC, Opensky Capital Bank NA, Truist Bank, Defendant failed to clearly and accurately disclose the full account numbers and account identifiers associated with those accounts.

16.     Instead, Defendant disclosed only partial account numbers and identifiers, limited to four characters for each account (e.g.,"*6523"), while withholding, truncating, or omitting the remaining digits and characters.

17.     Defendant further displayed asterisk marks in place of the undisclosed portions, indicating that additional information existed but was not provided.

18.     Upon information and belief, Defendant maintained additional digits and full account identifiers for this account beyond the four digits disclosed, but failed to disclose those additional digits and omitted the remaining portions of the account numbers.

19.     As a result, Plaintiff was unable to match the disclosed accounts to his own records or verify the accuracy and completeness of the information contained in Plaintiff's consumer file.

- The date of last activity, scheduled payment amount, actual payment amount, term duration, and payment history for January 2019 through November 2022 for the Truist Bank account, partial account number 6603.

25. These fields were left blank, incomplete, withheld, truncated, and/or omitted.

26. Upon information and belief, Defendant possessed and maintained the capability, through its systems, data repositories, furnishing relationships and agreements, subsidiaries, and third-party vendors, to disclose additional account-level information for the accounts at issue, including, but not limited to, the credit limit, date of last activity, scheduled payment amount, actual payment amount, term duration, date closed, activity designator, and payment histories, but failed to do so.

27. Upon information and belief, Defendant maintains consumer information across multiple systems and data repositories and has the ability to access and compile that information for disclosure purposes.

28. Despite this capability, Defendant failed to include all such information in Plaintiff's consumer disclosure upon request, resulting in a materially incomplete and misleading disclosure that did not clearly and accurately reflect the full contents of Plaintiff's file, in violation of 15 U.S.C. § 1681g(a)(1).

29. This capability is further demonstrated by Defendant's own prior and current consumer disclosures provided to consumers, as well as consumer reports that Defendant prepares, maintains, and furnishes to third parties, in which such information has been included for other accounts.

30. Upon information and belief, Defendant has previously and continues to disclose fields such as the credit limit, scheduled payment amount, and payment history.

37. Alternatively, Defendant failed to maintain and implement reasonable procedures, policies, and systems requiring furnishers to provide complete, accurate, and non-omitted account information.

38. Such procedures, policies, and systems were necessary to ensure that Defendant could comply with its obligation to clearly and accurately disclose all information in a consumer's file upon request.

39. Defendant's failure, as a matter of policy and practice, to require and obtain complete information from furnishers placed it in a position where it could not, and did not, provide a disclosure that was clear and accurate as required by 15 U.S.C. § 1681g(a)(1).

40. The information Plaintiff alleges throughout this Complaint was incomplete, truncated, omitted, or not clearly and accurately disclosed is not merely internal or technical data, but constitutes material account-level information.

41. This information is necessary for consumers such as Plaintiff to identify the accounts reported, match those accounts to their own records, detect inaccuracies, and meaningfully verify the completeness and accuracy of the information in their consumer files so that they can identify inaccuracies and submit accurate and effective disputes.

42. Plaintiff was unable to do so due to Defendant's failure to disclose complete and accurate information.

43. This failure undermines the purpose of 15 U.S.C. § 1681g(a)(1), which is to ensure that consumers can review and correct their information before it is disseminated to third parties.

44. As a result, Defendant's failure to provide this information violated Plaintiff's right to a clear and accurate disclosure.

## STATUTORY FRAMEWORK

including identifying what information is being reported and whether any information is missing or omitted.

54. Defendant failed to provide sufficient context or explanation to enable Plaintiff to understand the disclosed information or recognize that material data fields were omitted.

55. These omissions impaired Plaintiff's ability to identify the accounts, match them to plaintiff's records, and verify the completeness and accuracy of the information.

56. This impairment prevented Plaintiff from meaningfully utilizing the dispute and reinvestigation procedures set forth under 15 U.S.C. § 1681i.

57. As a result, Defendant failed to provide a clear and accurate disclosure and violated Plaintiff's rights under 15 U.S.C. § 1681g(a)(1).

## ACTUAL DAMAGES

58. As a result of Defendant's failure to clearly and accurately disclose all information contained in Plaintiff's consumer file at the time of his request, Plaintiff was required to spend time attempting to interpret and understand a materially incomplete and confusing disclosure

59. The disclosure contained missing and incomplete information, which prevented Plaintiff from meaningfully reviewing the contents of his file or comparing the reported information to his own records.

60. Plaintiff examined the disclosure on multiple occasions and attempted to reconcile the reported accounts with his personal records but was unable to do so due to the incomplete and unclear nature of the information provided.

61. These deficiencies caused confusion and frustration and required Plaintiff to expend additional time attempting to understand a disclosure that did not contain the information he was entitled to receive.

limited to, the credit limit, date of last activity, scheduled payment amount, actual payment amount, term duration, date closed, activity designator, and payment histories, yet failed to do so in Plaintiff's consumer disclosure.

71.     Despite this capability, Defendant, as a matter of policy and procedure, routinely fails to disclose such information to consumers in their file disclosures.

72.     Upon information and belief, Defendant has been subject to prior regulatory scrutiny and agreements with state attorneys general concerning its disclosure practices, including obligations to provide sufficient information for consumers to identify and understand the accounts reported.

73.     In addition, guidance issued by the Federal Trade Commission has addressed the requirement that consumer reporting agencies provide complete and meaningful disclosures sufficient to allow consumers to identify and understand the information in their files.

74.     Despite this notice and guidance, Defendant continues, as a matter of policy and procedure, to omit or suppress material information from consumer disclosures, including full account identifiers and original creditor information, even where such information is in Defendant's possession or readily accessible through its systems and furnishing relationships.

75.     Defendant's conduct was not the result of mere oversight or isolated error, but rather reflects a deliberate and systemic practice of providing disclosures that are incomplete, unclear, and inaccurate.

76.     Despite repeated litigation and judicial decisions addressing these disclosure obligations, Defendant has failed to modify its policies, procedures, or systems to comply with the statute.

77.     This conduct was not based on a reasonable interpretation of the statute, but rather reflects a conscious and deliberate decision to withhold information from consumers in violation of 15 U.S.C. § 1681g(a)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant as follows:

a. The greater of statutory damages of up to $1,000 per violation or Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A), or, in the alternative, actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Costs of the action pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2); and

d. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*Omar Flemmings*

Omar Flemmings
1414 7th Street
West Palm Beach, FL 33401
Email: thejennings.frank@yahoo.com

Align top of FedEx® shipping label here.

ORIGIN ID:ESPA  (000) 000-0000
OMAR FLEMMINGS

1414  7TH STREET

WEST PALM BEACH, FL 33401
UNITED STATES US

SHIP DATE: 03JUN26
ACTWGT: 0.10 LB
CAD: 6570484/ROSA2710

Part # 156297-435 RRDB EXP 05/27

TO  **UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
701 CLEMATIS STREET**

**WEST PALM BEACH FL 33401**

(000) 000-0000          REF:
INV:
PO:                          DEPT:



**FedEx**
Express

E

FRI – 05 JUN 5:00P
** 2DAY **

TRK#
0201   8726 0715 6410

**SP PBIA**

33401
FL-US   PBI

